**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-60273

_____


MOBIL MINING & MINERALS; INSURANCE
COMPANY OF THE STATE OF PENNSYLVANIA,

                                        Petitioners,

versus

DAVID R. NIXSON; DIRECTOR, OFFICE OF
WORKER'S COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR,

                                        Respondents.

_____

Petition for Review of an Order of the
Office of Workers Compensation Programs and
the U.S. Department of Labor
(98-988)
_____

February 7, 2000

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Respondent-Claimant David R. Nixson sought benefits under the

Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901,

et seq. for an arm injury sustained while working for his employer,

Mobil Mining & Minerals, at rail facilities on Mobil's premises

adjacent to the Ship Channel in Houston, Texas.  The claim

proceeded on stipulated facts before an Administrative Law Judge.

The ALJ awarded Nixson benefits under the LHWCA after concluding

     [*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

that he met both the "status" and "situs" tests for coverage. Petitioners appealed the ALJ's ruling to the BRB which affirmed. Petitioners now ask us to reverse the BRB and ALJ, conceding "status," but challenging "situs."

We have carefully reviewed the stipulated facts regarding both the particular site where the accident occurred and the surrounding area constituting Mobil's facility contiguous to the Ship Channel in light of the applicable law as set forth in the briefs of counsel to this court and discussed in oral argument before us. Particularly in light of our standard of review of this case and the seminal case in this court, Texports Stevedore Co. v. Winchester, 632 F.2d 504 (5th Cir. 1980)(en banc), we are convinced that the "area," as distinguished from the pinpoint site of the accident, is a covered situs pursuant to the plain wording of § 903(a) of the LHWCA. As Nixson's status was stipulated, his claim is clearly within the coverage of the LWHCA. We therefore affirm the rulings of the ALJ and the BRB to that effect.
AFFIRMED.